## Johnson, Appellant, *v.* Putnam.

*Principal and agent—Sale at auction—Auctioneer's clerk.*

Where a person successfully bids on an article at an auction sale, and immediately informs the auctioneer's clerk that he had bid on the article for a principal whom he names, and directs the clerk to charge the article to the principal named, and the clerk does so, the bidder cannot subsequently be held personally liable for the price of the article.

Argued May 6, 1913. Appeal, No. 107, April T., 1913, by plaintiff, from order of C. P. Somerset Co., May T., 1912, No. 381, discharging rule for judgment for want of a sufficient affidavit of defense in case of V. M. Johnson v. David Putnam. Before RICE, P. J., HENDERSON MORRISON. ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for the price of a piano.

Rule for judgment for want of a sufficient affidavit of defense.

RUPPEL, P. J., filed the following opinion:

The affidavit of defense avers that the plaintiff has recovered judgment before a justice of the peace for the price of a piano which was sold by the plaintiff on February 9, 1912, at public auction; that at said sale the defendant was a bidder as the agent for one W. A. Holsopple; that the piano was knocked down at the defendant's bid, $245, and as soon as it was knocked down, "he instructed the clerk, J. R. Haines, that he had purchased said piano for W. A. Holsopple, and that the same was to be charged to said Holsopple, and was so charged by the clerk." The affidavit further avers that after the sale and after the removal of the piano by Mr. Holsopple the clerk called on Holsopple and requested him to settle for the piano, who for some reason not disclosed in the affidavit of defense, refused to settle with the clerk; thereupon the plaintiff brought

suit against Putnam. Counsel for the plaintiff argues that the auctioneer was the agent of the plaintiff and therefore as the piano had been knocked down by the auctioneer at the bid of the defendant, any arrangement with the clerk of the sale does not affect the seller or plaintiff in this judgment. A number of authorities are cited, but none of them seem to touch the point except one from the Am. & Eng. Encyc. of Law as follows: "The clerk of the auctioneer is clothed with the same authority as his master, and an entry by him under the direction of the auctioneer, is sufficient." This authority would seem to delegate to the clerk the same authority as an agent as that possessed by the auctioneer. Had the defendant failed to disclose his principal a different question would arise, but the affidavit avers that the principal was made known immediately, and therefore if the clerk had authority to bind the seller there could be no liability on part of the defendant, Putman; at least under present circumstances the court cannot presume that the clerk was not the agent of the seller or had no authority to bind the seller or to release the defendant. Again, the clerk was either the agent of the seller or the subagent of the auctioneer, and in either event, I am inclined to think the notification given the clerk by the purchaser as agent of some one else was such as would relieve him from liability for the purchase: Peries v. Aycinena, 3 W. & S. 64; MacVeagh v. Douglass, 4 Phila. 69; Williams v. Getty, 31 Pa. 461.

It will be observed that the character of the agency in this case as alleged by the plaintiff was not such as required any special skill or ability and the duties of protecting the seller's rights could be performed as readily by the clerk as by the auctioneer. It is not apparent from the papers who employed the clerk, whether he was employed by the seller, the plaintiff, Mrs. Johnson, or the auctioneer.

Rule discharged.

281, (1913).]   Assignment of Errors—Opinion of the Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*J. A. Berkey*, with him *C. L. Shaver*, for appellant.

*E. E. Kiernan*, with him *Ross R. Scott*, for appellee.

PER CURIAM, July 16, 1913:

This case came into the common pleas by appeal by the defendant from the judgment of a justice of the peace. No statement of claim was filed by the plaintiff in the common pleas, and all that the transcript of the justice shows as to the nature of the action, or as to the cause of action, is that it was a civil suit to recover $245. Accepting as verity the averments of the affidavit of defense as to the nature of the claim and the facts under which it arose, it is quite clear that the plaintiff was not entitled to summary judgment against this defendant. This is well shown by the opinion of the learned judge of the common pleas, and we need add nothing thereto.

The appeal is dismissed at the cost of the appellant, without prejudice, etc.